**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.:

MARIA ORDAZ on her own behalf
and on behalf of all others similarly situated,

     Plaintiff,

v.

BURRITO DEL MAR, LLC and
LANI ALVIAR,

     Defendants.

---

**COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

---

Plaintiff files this Collective Action Complaint for Unpaid Wages on her own behalf and on behalf of all others similarly situated against the above-named Defendants.

**STATEMENT OF THE CASE**

1. Plaintiff and those similarly situated were or are employed by Defendants as hourly food preparation workers in Defendants' frozen burrito production enterprise.

2. Defendants refused to pay Plaintiff and those similarly situated overtime wages for hours worked beyond forty each workweek and beyond twelve each workday.

3. Defendants refused to provide Plaintiff and others with rest periods as required by Colorado law.

4. Defendants also refused to pay Plaintiff all her earned, vested and determinable wages upon the termination of her employment.

5. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

6. Defendants violated the Colorado Minimum Wage Order ("MWO"), 7 CCR 1103-1, because the MWO requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate of pay for each hour worked beyond twelve each workday, and requires employers to give their employees two paid ten minute rest periods each workday.

7. Defendants also violated the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, because the CWCA requires employers to pay their former employees all their earned and vested wages upon termination of the employment relationship.

8. Plaintiff seeks compensation for Defendants' violations of the FLSA on her own behalf and on behalf of all Defendants' other similarly-situated employees.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Maria Ordaz was employed by Defendants from approximately 2009 through approximately August 21, 2017. Plaintiff Ordaz's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

10. Defendant Burrito del Mar, LLC is a registered Colorado limited liability company doing business at 6341 Arapahoe Rd., Boulder, CO 80303.

11. Defendant Lani Alviar is an owner and manager of Burrito del Mar, LLC.

12.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

13.     Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the MWO.  28 U.S.C. § 1367.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's and the Class's claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

15.     Plaintiff and those similarly situated are or were employed by Defendants as hourly food preparation workers in Defendants' frozen burrito production business.

16.     Plaintiff and Defendants' other employees regularly worked more than forty hours per week. Nonetheless, Defendants refused to pay Plaintiff and those similarly situated overtime wages for overtime hours worked.

17.     For example, during the two-week pay period running from August 16, 2016 through August 31, 2016, Plaintiff Ordaz worked 124.38 hours for Defendants and during the two-week pay period running from May 1, 2017 through May 15, 2017, Plaintiff Ordaz worked 106.02 hours for Defendants. Defendants did not pay Plaintiff overtime wages for the hours over forty she worked during these or any other pay periods.

18.     Defendants subjected all their hourly food preparation employees to this same policy of refusing to pay overtime wages for overtime hours worked.

19. Defendants also did not provide Plaintiff and others with mandatory 10-minute paid rest periods each 4-hour period they worked.

20. Defendants did not pay Plaintiff Diaz all her earned, vested and determinable wages upon the termination of her employment.

21. Plaintiff Ordaz sent Defendants a written demand for payment of all her earned, vested and determinable wages.

22. Defendants' violations were willful. For example, Defendants issued two paychecks to Plaintiff Ordaz in many of the pay periods during which she worked overtime hours. Defendants spread Plaintiff Ordaz's hours among the two paychecks so that neither showed over eighty hours of work in a two-week pay period. For example, for her work during the pay period running from June 16, 2017 through June 30, 2017, Defendants issued Plaintiff Ordaz one check for 80 hours of work at her regular rate of $10 per hour, and a second check, for work performed during the same two-week pay period, for an additional 19.08 hours of work, also compensated at her regular rate of $10 per hour.

23. Defendants set Plaintiff Ordaz's and others' hours of work, and commanded when, where, and how much labor was to be performed.

24. Defendants enjoyed more than $500,000.00 in annual revenues in each year relevant to this action, and employed more than two persons who handled goods, such as foodstuffs and cleaning materials, which moved in interstate commerce.

25. Defendant Lani Alviar exercised day-to-day operational control over the Burrito del Mar enterprise. Defendant Alviar hired and fired employees and set his employees' hours of work. Defendant Alviar determined his employees' hourly pay rates

and made the decision not to pay his employees overtime wages. Defendant Alviar made the decision not to provide paid rest periods to his employees. Defendant Alviar exercised financial control over the Burrito del Mar enterprise.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings her FIRST CLAIM as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT AND FORMER EMPLOYEES OF DEFENDANTS WHO WORKED ON OR AFTER OCTOBER 3, 2014.

27. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

28. All potential opt-in plaintiffs are similarly situated because they are or were paid under Defendants' unlawful common practice, policy or plan regarding employee wages and hours. That is, all Defendants' employees were denied overtime wages.

## FIRST CLAIM
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

29. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

30. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

31. Defendants employed Plaintiff and the potential opt-in plaintiffs in an

enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiff, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

32. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

33. Defendants "employed" Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

34. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

35. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime wages for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

36. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

37. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

38. Plaintiff and others are entitled to recover unpaid wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM
### Violation of the MWO, 7 CCR 1103-1

39. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

40. Defendant Burrito del Mar, LLC was Plaintiff's "employer" as that term is

defined by the MWO because it employed Plaintiff in Colorado. 7 CCR 1103-1(2).

41.     Plaintiff was Defendant Burrito del Mar, LLC's "employee" as that term is defined by the MWO because she performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor she was to perform. 7 CCR 1103-1(2).

42.     Defendant Burrito del Mar, LLC violated the MWO when it refused to pay Plaintiff overtime wages for all hours worked beyond forty each work week and beyond twelve each workday. 7 CCR 1103-1(4).

43.     Defendant Burrito del Mar, LLC violated the MWO when it refused to provide Plaintiff paid rest periods. 7 CCR 1103-1(8).

44.     Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

45.     Plaintiff is entitled to recover unpaid wages and attorney fees and costs of the suit.  Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18).

## THIRD CLAIM
### Violation of the CWCA (Colo. Rev. Stat. §§ 8-4-101, *et seq.*)

46.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

47.     Defendant Burrito del Mar, LLC was Plaintiff's "employer" as that term is defined by the CWCA because it employed Plaintiff in Colorado. Colo. Rev. Stat. § 8-4-101(6).

48.     Plaintiff was Defendant Burrito del Mar, LLC's "employee" as that term is defined by the CWCA because he performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor or services would

7

be performed.  Colo. Rev. Stat. § 8-4-101(5).

49.  Defendant Burrito del Mar, LLC violated the CWCA, when it failed to pay Plaintiff all earned, vested and determinable wages upon her separation from employment. Colo. Rev. Stat. § 8-4-109.

50.  As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

51.  Plaintiff is entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

**WHEREFORE**, Plaintiff prays as to her FIRST CLAIM that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential opt-in plaintiffs;

   b. Plaintiff and opt-in plaintiffs be awarded compensatory damages;

   c. Plaintiff and opt-in plaintiffs be awarded liquidated damages as required by law;

   d. Plaintiff and opt-in plaintiffs be awarded pre-judgment and post-judgment interest as permitted by law; and

   e. Plaintiff and opt-in plaintiffs be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. Plaintiff and opt-in plaintiffs be awarded such other and further relief as may be necessary and appropriate.

And as to her SECOND CLAIM that:

   a. Plaintiff be awarded the unpaid balance of the full amount of wages due per Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

   b. Plaintiff be awarded attorney fees and costs of suit per Colo. Rev. Stat. §

      8-6-118; 7 CCR 1103-1(18);

  c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

  d. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

And as to her THIRD CLAIM that:

  a. Plaintiff be awarded all her earned, vested and determinable wages per Colo. Rev. Stat. § 8-4-109;

  b. Plaintiff be awarded statutory penalties per Colo. Rev. Stat. § 8-4-109;

  c. Plaintiff be awarded attorney fees and costs of suit per Colo. Rev. Stat. § 8-4-110;

  d. Plaintiff be awarded such other and further relief as may be necessary and appropriate.


*S/ Brandt Milstein*
**Milstein Law Office**
1123 Spruce Street, Suite 200
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*

9