# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-02389-RBJ-NYW

**MARIA ORDAZ,**
**on her own behalf and on behalf**
**of all others similarly situated.**

      Plaintiff,

v.

**BURRITO DEL MAR, LLC and**
**LANI ALVIAR**

      Defendants.

---

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

---

**COME NOW** the Defendants, Burrito Del Mar, LLC and Lani Alviar, by and through Krista L. Tushar of the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., and Plaintiff Maria Ordaz, by and through her attorney Brandt Milstein, to submit this Joint Motion for Approval of Settlement. The parties attach hereto as Exhibit 1 the proposed Settlement Agreement for the Court's review.

## STANDARD FOR APPROVAL

Proposed compromises of FLSA claims may[1] be approved by the Court to ensure that negotiated settlements do not thwart the Act's purpose to ensure that "all our able-bodied

---

[1] Some Courts do not require Court approval of FLSA settlement. *See Ruiz v. Act Fast Delivery of Colorado*, Civil No. 14-cv-00870-MSK-NYW, ECF 132, (D. Colo. Jan. 9, 2017)(unpublished); *But see Manohar v. Sugar Food, LLC*, No. 16-cv-2454-NYW, 2017 U.S. Dist. LEXIS 116893; 2017 WL 3173451at *5 (D. Colo. July 27, 2017)(distinguishing *Ruiz* by noting that because the issue of whether a settlement requires court approval has not yet been decided by the Tenth Circuit, the court should proceed to evaluate and approve the settlement).

working men and women [receive] a fair day's pay for a fair day's work."[2] Parties wishing to have their FLSA settlement approved by the Court "present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable." *Baker v. Vail Resorts Mgmt. Co.,* No. 13-CV-01649- PAB-CBS, 2014 WL 700096, *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "[C]ourt approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive hours... due to the unequal bargaining power as between employer and employee.'" *Baker*, 2014 WL at *1 (citing *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). To approve a compromised settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Baker*, 2014 WL at *1.

## I.      This Action Involves a *Bona Fide* Dispute.

Parties requesting approval of a compromise of claims brought under the FLSA must provide the Court with sufficient information to determine whether a bona fide dispute exists justifying the compromise. *Id.* (citing *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1234 (M.D.Fla.2010)). Where no *bona fide* dispute exists, the parties may not compromise a plaintiff's entitlement to recovery of her full actual damages, liquidated damages and a reasonable attorney fee. *Dees,* 706 F. Supp. 2d at 1236 (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982)("If a settlement in an employee FLSA suit

---

[2] Letter to Congress from President Franklin D. Roosevelt (May 24, 1937) (reprinted in H.R.Rep. No.101–260 (Sept. 26, 1989), 1989 U.S.C.C.A.N. 696–97); *see also, Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1246 (M.D.Florida, 2010)("To combat the typically unequal bargaining power between employer and employee, Congress prohibits a private agreement altering FLSA rights. An employee entitled to FLSA wages may compromise his claim only under the supervision of either the Department of Labor or the district court.").

does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

Parties seeking approval of an FLSA settlement may establish that a bona fide dispute exists by presenting: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Baker*, 2014 WL at *1.

As to (1), the nature of the dispute here, Plaintiff alleges that she and others similarly situated were employed by Defendants as hourly food preparation workers in Defendants' frozen burrito production enterprise, that Defendants paid their employees insufficient overtime wages, and failed to provide rest periods as required by Colorado law. Defendants, on the other hand, deny that Plaintiff or others worked for Defendant Lani Alviar ("Alviar") and deny that Alviar is in any way liable for Plaintiff's claims or the claims of any other employees of Burrito Del Mar, LLC ("Burrito"). Defendants deny that they paid employees including Plaintiff less than the federal and Colorado overtime wages.

As to (2), the nature of the employer's business, Burrito del Mar describes itself as a burrito preparation business that makes and sells burritos to various coffee shops and grocers in the Denver metro area. Plaintiff worked as a food preparation employee for Burrito del Mar.

As to (3), "the employer's reasons for disputing the employees' right to overtime or rest periods," Burrito del Mar does not dispute that its employees had a right to be paid overtime. Rather, Burrito del Mar asserts that it did in fact pay all employees correctly under all laws.

As to (4), the employee's justification for the disputed wages is as follows: Plaintiff worked more than forty hours per week and is due overtime premiums for overtime hours worked. Also, Burrito del Mar failed to provide Plaintiff with mandatory ten minute rest periods for each four hour period worked.

As to (5), the parties do  not  dispute the computation of wages owed.  Plaintiff achieved full recovery in this case because there were no bona fide disputes as to Plaintiff's wages owed.

## II.    The Proposed Settlement is Fair and Equitable to All Parties.

Plaintiff and Defendants agree that their settlement of this case represents a fair and reasonable resolution to their dispute. Courts consider the following factors when determining whether an FLSA settlement is fair and reasonable and should be approved:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Baker*, 2014 WL at *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).  The parties in this case have satisfied the four required elements for a fair and reasonable settlement as follows:

1. The parties, through their counsel, engaged in arm's length settlement negotiations and represent to the Court that they fairly and honestly negotiated this settlement.

2. Serious questions of fact exist in this case which place the ultimate outcome of litigation in doubt. Principally, whether this lawsuit can be maintained as a collective action or class action

4

and whether Defendants can satisfy a class judgment.

3. Here, because of Defendants' precarious financial position, the value of an immediate recovery outweighs the mere possibility of future relief after protracted collective litigation.

4. The parties believe settlement is fair and reasonable. Although Defendants dispute the factual basis of Plaintiff's claims, the parties represent that the complexity of class issues, expense of litigation, and the likely duration of collective litigation make the settlement a fair one. Plaintiff will be fully compensated through the settlement. Moreover, Plaintiff and Defendants are represented by experienced counsel who believe that the settlement is fair and reasonable.

To find that an FLSA settlement is fair and reasonable, the Court must also determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power. *Baker*, 2014 WL at *2. To determine whether a settlement agreement complies with the FLSA, courts examine the following factors: (1) presence of other similarly situated employees; (2) a likelihood that plaintiff's circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA. *Baker*, 2014 WL at *2. (citing *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1244 (M.D.Fla. 2010)).

Here, the parties dispute whether there are other similarly situated employees. Defendants do not believe there are any similarly situated employees. No additional persons have joined the lawsuit at this time. In addition, there is no evidence that Defendants' alleged failure to comply with the FLSA represents a continuing pattern of unlawful conduct nor that Defendants had a history of non-compliance with the FLSA. To the contrary, Defendants assert

that they have complied with the FLSA. For these reasons, the parties submit that the settlement will not contravene the policies of the FLSA.

### III.     The Proposed Settlement Includes a Reasonable Attorney Fee.

The district court must "review ... the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Dees,* 706 F. Supp. 2d at 1243. "To determine the reasonableness of a fee request, a court must begin by calculating the 'lodestar amount,' which represents the number of hours reasonably expended multiplied by a reasonable hourly rate." *Baker,* 2014 WL at *3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. Baker, 2014 WL at *3.

FLSA attorney fee awards are contingent on a successful litigation outcome. Such "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation... and transfer a significant portion of the risk of loss to the attorneys taking a case. Access to the courts would be difficult to achieve without compensating attorneys for that risk." *Capsolas v. Pasta Res. Inc.,* 10-CV-5595 RLE, 2012 WL 4760910 (S.D.N.Y. Oct. 5, 2012)(internal citation omitted). Many individual litigants, including Plaintiff here, "cannot afford to retain counsel at fixed hourly rates... yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Id.*

The parties agree that they addressed in settlement Plaintiff's recovery separately from and independently of attorney fee considerations. The parties agree that Plaintiff's recovery was not influenced by the issue of attorney fees.

The Settlement Agreement here provides that Defendants will pay Plaintiff's lodestar attorney fees in addition to Plaintiff's full actual and liquidated damages. Plaintiff's attorney's 33% contingency fee award is calculated based on Plaintiff's overall recovery—actual and liquidated damages ($17,700.65) plus Plaintiff's lodestar attorney fees ($7,404.00) and costs ($518.30) for an overall recovery of $25,622.95. After deducting Plaintiff's counsel's 33% contingency fee from Plaintiff's overall recovery ($8,455.57), Plaintiff will recover 97% of all the wages and liquidated damages she could have won at trial ($17,167.38).

The parties submit the attached invoice showing that counsel for Plaintiff spent 24.68 hours litigating and negotiating the resolution of this case. *See,* Ex. 2, <u>Invoice</u>. Plaintiff's counsel, who specializes in representing low-wage workers in wage actions, bills at a rate of $300 per hour. Exhibit 3, <u>Affidavit of Brandt Milstein in Support of Attorney Fee Application</u>. Counsel's lodestar is $7,404.00 in fees and $518.30 in costs. The fee enhancement from lodestar fees plus costs of $7,922.30 to the contingency fee of $8,455.57 represents a multiplier of 1.07. Given the excellent result achieved for Plaintiff (Plaintiff will recover 97% of the actual and liquidated damages she could have hoped to recover at trial, even after deduction of the 33% contingency fee), the 1.07 multiplier is justified. *Mishkin v. Zynex, Inc.*, 2012 WL 4069295, at *2 (D. Colo. Sept. 14, 2012) (collecting cases in this District approving lodestar multipliers ranging between 2.5 and 4.2).

**WHEREFORE**, the parties respectfully request that this Court enter an Order granting the instant Joint Motion for Court Approval of Settlement, approving the Final and Binding

Release and  Settlement  Agreement, and granting any further relief the Court deems just and proper.

Respectfully Submitted,

Brandt Milstein                                       Krista Tushar
1123 Spruce Street, Suite 200              50 South Steele St., Suite 600
Boulder, CO 80302                            Denver, CO 80209
303.440.8780                                      303.298.7392
brandt@milsteinlawoffice.com             ktushar@riggsabney.com

*Attorney for Plaintiff*                           *Attorney for Defendants*