# FINAL AND BINDING RELEASE AND SETTLEMENT AGREEMENT
(subject to judicial approval)

This FINAL AND BINDING RELEASE AND SETTLEMENT AGREEMENT ("this Agreement") is made and entered into by and between MARIA ORDAZ ("Ordaz"), and BURRITO DEL MAR, LLC and LANI ALVIAR (collectively "Defendants"), and all of whom are collectively referred to as "the Parties."

**WHEREAS**, Ordaz filed a lawsuit against Defendants in the U.S. District Court of Colorado, captioned MARIA ORDAZ v. BURRITO DEL MAR, LLC and LANI ALVIAR, Civil Action No. 17-cv-2398-RBJ, in which Ordaz alleged claims against Defendants for unpaid wages, liquidated damages, penalties, attorney fees, and costs for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Minimum Wage Order ("MWO"), 7 CCR 1103-1, and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, ("the Action");

**WHEREAS**, the Parties desire to resolve amicably all of Ordaz's claims;

**WHEREAS**, the Parties have agreed to settle this matter in the interest of avoiding further litigation and nothing contained herein shall be construed to be an admission of liability by any party;

**WHEREAS**, the Parties jointly and respectfully request that the Court presiding over the Action approve this Agreement as valid, final, and binding;

**NOW, THEREFORE**, for and in consideration of the mutual promises hereinafter expressed, it is hereby agreed by and between the Parties as follows:

EXHIBIT 1

1. **Effective Date:** This Agreement will become effective, take effect, and become binding on the Parties on the date on which the Court presiding over the Action grants its approval of this Agreement.

2. **Payment.** In consideration of the dismissal of Ordaz's claims with prejudice, and the promises, releases, and obligations entered into pursuant to this Agreement, Defendants agree to pay, pursuant to the terms of this Agreement, the gross aggregate sum of TWENTY-FIVE THOUSAND SIX HUNDRED TWENTY TWO DOLLARS AND 95/100 ($25,622.95) in full settlement and satisfaction of Ordaz's claims, including Ordaz's claims for costs related to this litigation, inclusive of her attorney fees related to this litigation, as follows:

   i. The agreed sum of $17,167.38 will be paid to Ordaz. This sum will be paid as follows: One half in the amount of $8,583.69, subject to payroll tax withholding and to be reported on IRS Form W2, and one half in the amount of $8,583.69 not subject to payroll tax withholding and to be reported on IRS Form 1099. The agreed sum of $8,455.57 will be paid to the attorney representing Ordaz: Brandt Milstein. This payment is to be reported on IRS Form 1099.

   ii. Defendants will make the above payments as follows:

       a. Within 5 days of Court approval of the agreement, one check made to Maria Ordaz in the amount of $6,405.74 not subject to payroll tax withholding and to be reported on IRS Form 1099 and one check made to Brandt Milstein in the amount of $6,405.73 not subject to payroll tax withholding and to be reported on IRS Form 1099.

b. One month after the date the Court enters its approval order, one check made to Maria Ordaz in the amount of $85.40 not subject to payroll tax withholding and to be reported on IRS Form 1099 and one check made to Brandt Milstein in the amount of $2049.84 not subject to payroll tax withholding and to be reported on IRS Form 1099.

c. Two months after the date the Court enters its approval order, one check made to Maria Ordaz in the amount of $2092.55 not subject to payroll tax withholding and to be reported on IRS Form 1099 and one check made to Maria Ordaz in the amount of $42.69 and subject to payroll tax withholding and to be reported on IRS From W2.

d. Three months after the date the Court enters its approval order, one check made to Maria Ordaz in the amount of $2135.42 and subject to payroll tax withholding and to be reported on IRS From W2.

e. Four months after the date the Court enters its approval order, one check made to Maria Ordaz in the amount of $2135.42 and subject to payroll tax withholding and to be reported on IRS From W2.

f. Five months after the date the Court enters its approval order, one check made to Maria Ordaz in the amount of $2135.42 and subject to payroll tax withholding and to be reported on IRS From W2.

g. Six months after the date the Court enters its approval order, one check made to Maria Ordaz in the amount of $2134.74 and subject to payroll tax withholding and to be reported on IRS From W2.

iii. Ordaz agrees to be solely responsible for any taxes that she might owe to the United States or to the State of Colorado or any other state, as a result of the payments made by Defendants under this Agreement.

iv. The attorney Brandt Milstein agrees that he will be solely responsible for any taxes that he might owe to the United States or to the State of Colorado as a result of its receipt of any portion of the sum of money paid by Defendants under this Agreement.

v. Ordaz represents that there are no known unsatisfied attorneys' fees, liens, or assignments arising out of or related to any claim released in this Agreement, other than the payment to be made to her attorney pursuant to this Agreement.

3. **Dismissal**. Upon judicial approval of this Agreement and bank clearance of the checks referenced in section 2(i) above, Ordaz's counsel will file a Joint Stipulation of Dismissal of all claims With Prejudice, signed by Ordaz's counsel with the Court.

4. **Release by Ordaz**. Ordaz, intending to be legally bound, and for and in consideration of the payments made and obligations undertaken pursuant to this Agreement, does for herself, her heirs, executors, administrators, successors, and assigns, hereby remise, release, and forever discharge Defendants, their current and former parent companies, and past and current successors, predecessors, subsidiaries, affiliates, assigns, insurers, reinsurers, members, directors, officers, owners, partners, shareholders, managers, agents, employees, and attorneys (collectively, the "Released

Parties"), from any and all actions and causes of action, claims, demands, suits, damages, including compensatory damages, punitive damages, injunctive, declaratory, accounting, and other equitable relief, nominal damages, employee benefits, regular and overtime wages, inclusive of overtime, compensatory time, tips, commissions, bonuses, liquidated damages, attorneys' fees, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, and compensation whatsoever, from any claims based upon, arising from, or relating to Ordaz's time and/or work as an employee of Defendants and her separation from employment at Defendants, arising on or before the date of execution of this Agreement, and from any and all other claims of any nature whatsoever against Defendants and each and all of the Released Parties, arising on or before the date of execution of this Agreement, whether known or unknown or whether asserted or unasserted, whether arising in contract, in tort, or otherwise, or based upon any fraud, misrepresentation, breach of any duty or common law or arising under or by virtue of any judicial or administrative decision, statute, rule, or regulation including, but not limited to: The Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* and all Colorado Statutes and Regulations, including, but not limited to, Colorado Minimum Wage Workers Act ("CMWWA"), C.R.S. §§ 8-6-101 *et seq.*, Colorado Minimum Wage Order ("MWO"), 7 CCR 1103-1, Colorado Wage Claim Act ("CWCA"), C.R.S. 8-4-101 *et. seq.*, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Colorado Anti-Discrimination Act, and/or any and all claims for breach of any employment agreement, whether express or implied, between Ordaz and the Released Parties, for past or present, known and unknown, injuries, damages, or all other losses of any kind, including, but not limited to, actual damages, compensatory damages, liquidated damages, exemplary or punitive damages, all penalties of any kind including

without limitation any tax liabilities or penalties, consequential damages, prejudgment and post-judgment interest, costs, and attorneys' fees and, further, including, but not limited to, all elements of damages, all remedies, and all claims, demands, and causes of action that are now recognized by law or may be created or recognized in the future.

5. **Other Actions/No Assignment**. Ordaz agrees that she will not institute or maintain any lawsuit against any of the Released Parties as to any matter based upon, arising from, or relating to her employment at Defendants, the Action, or any of the matters released herein, arising on or before the effective date of this Agreement. Ordaz agrees that she will not serve as putative class representative or lead Plaintiff in any putative class or collective action of any kind against the Released Parties. Furthermore, Ordaz represents and acknowledges that she has not assigned any part of any claim or cause of action which she has or claims to have or may have against any or all of the Released Parties to any other person or entity, and that all such claims are covered by this Agreement.

6. **No Future Employment Relationship**. Ordaz hereby acknowledges and agrees that Defendants have no obligation, contractual or otherwise, to re-hire her at any time. Ordaz agrees that she waives any right she may have to future employment with Defendants, any of the Released Parties, or any affiliate thereof; or to apply for employment at any time henceforth with Defendants or any of their successors or affiliates. Ordaz agrees that if she knowingly or unknowingly applies for a position with Defendants or any affiliate thereof and is offered or accepts a position, the offer may be withdrawn, or Ordaz may be terminated immediately, without the need for further action.

7. **No Admission of Liability**. The payment described herein is not to be construed as an admission of any liability or violation of federal, state or local statute,

ordinance, rule, code or regulation, or of any duty owed by Defendants or any of the Released Parties, as they have denied and continue to deny any and all liability. As stated above, the payment described herein is made in consideration of the above releases and to avoid further litigation and dispute and is being made in settlement of claims and causes of action that are indefinite, uncertain, and incapable of being satisfactorily established. The Parties acknowledge and agree that neither this Agreement nor any payment made hereunder shall be used in any proceedings, whether involving these parties or others, to imply, infer, or attempt to establish that Defendants or any of the Released Parties are or were liable or responsible for any of the claims and causes of action released in this Agreement, or that any of them violated any federal, state, or local statute, ordinance, rule, code, or regulation, or breached any duty owed to Ordaz, since they have expressly denied and continue to deny any and all of the claims and causes of action released in this Agreement and any liability for same.

      8. **Tax Liability**.  Ordaz understands and agrees to be fully and solely responsible for her local, state and federal tax liability, to the extent any tax liability may now or hereafter become due resulting from the payment of sums pursuant to this Agreement, and represents and acknowledges that no representations have been made by any of the Released Parties concerning tax liability or tax consequences of payments made as part of this settlement and/or this Agreement.

      10. **Choice of Law, Venue, and Breach**.  The Parties acknowledge and agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Colorado.  Any claims or actions arising out of or relating to this Agreement shall be brought in a court of competent jurisdiction in the State of Colorado. If any claim

is brought for breach of this Agreement, the Parties agree the prevailing party will be entitled to its reasonable attorney's fees and costs.

11. **Entire Agreement**. The Parties agree that this Agreement shall not be subject to any claims of mistake of fact, that it expresses a full and complete settlement, regardless of the adequacy or inadequacy of the amount paid and that it is to be final and complete. The Parties agree that there is absolutely no agreement or reservation that is not clearly expressed herein, that there have been no promises or representations by any of the Released Parties as an inducement for Ordaz to settle other than what are expressly set forth and contained herein, that the consideration paid herein is all that Ordaz and her counsel are to receive under this agreement from the Released Parties and that the execution hereof is done with the full knowledge that this Agreement covers all possible claims against any and all of the Released Parties that exist or may exist on or before the effective date of this Agreement.

12. **Severability**. If any provision of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws, such provision(s) will be fully severable. This Agreement will be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part of this Agreement. In such cases, the remaining provisions of this Agreement will continue in full force and effect and will not be affected by any illegal, invalid or unenforceable provision(s), or by its severance.

13. **No Implied Waiver**. The waiver by any party of a breach of any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach by any party, nor will any such waiver operate or be construed as a rescission of this

Agreement. No waiver will be valid or enforceable unless contained in a writing that is signed and dated by the party against whom the waiver is asserted.

14. **No Construction Against Drafter**. The wording in this Agreement was reviewed and accepted by all parties after reasonable time to review with legal counsel, and no party will be entitled to have any wording of this Agreement construed against the other party as the drafter of the Agreement in the event of any dispute arising out of or related to this Agreement.

15. **Signatures**. The Parties agree that valid, binding signatures may be obtained by signing multiple counterparts of this Agreement, and that it is not necessary for all original signatures to be set forth on the same copy of the Agreement.

16. **Voluntary Execution**. The Parties, intending to be legally bound, apply their signatures voluntarily with full understanding of the contents of this Agreement, after having had ample time to review and study this Agreement.

17. **Changes**. No amendment, modification, rider, supplement, rescission, or other revision to or of any part or all of this Agreement will be valid or enforceable unless the same is clearly expressed in a writing that is signed and dated by the Parties.

MARIA ORDAZ

DATED: 3-9-18

*Maria Ordaz*

BURRITO DEL MAR, LLC.

DATED: MARCH 7, 2018

By: _____   AS MEMBER _____

LANI ALVIAR

DATED: MARCH 7, 2018

_____

**APPROVED:**

Brandt Milstein  
1123 Spruce Street  
Boulder, CO 80302  
303.440.8780  
brandt@milsteinlawoffice.com  

*Attorney for Plaintiff*

Krista Tushar  
50 South Steele St., Suite 600  
Denver, CO 80209  
303.298.7392  
ktushar@riggsabney.com  

*Attorney for Defendants*